PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases has filed a report proposing changes to the standard jury instructions and asking the Court to authorize the amended standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In In re Standard Jury Instructions in Civil Cases— Report No. 09-01 (Reorganization of the Civil Jury Instructions), 35 So.3d 666 (Fla.2010), the Court authorized for publication and use the standard civil jury instructions as reorganized by the Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee). The reorganization of the civil jury instructions also incorporated gender neutral language and substituted plain English to improve readability of the instructions and juror comprehension. The Committee has continued to review the civil jury instructions for such stylistic changes and has now filed a report proposing additional amendments to several instructions.
Prior to filing its report with the Court, the Committee published for comment its proposed revisions in The Florida Bar News. No comments pertaining to the Committee’s proposals were received. The Committee now requests that the Court amend the instructions with non-substantive technical revisions, as well as other changes for purposes of clarification. We amend the standard jury instructions as proposed by the Committee, except as discussed below, and authorize the amended jui'y instructions for publication and use.
The majority of the amendments do the following: (1) correct typographical or spelling errors; (2) correct grammatical errors; (3) correct cross-references; (4) insert omitted terms, phrases, or other material, or remove improperly included terms or phrases; (5) renumber or change the name of an instructionx[1]; (6) eliminate repetitive language; and (7) make an instruction gender neutral. These amendments are not discussed at length; however, we do describe the more substantive changes below.
Jury instructions 409.7 (Issues on Plaintiffs Claim — Fraudulent Misrepresentation), 409.8 (Issues on Plaintiffs Claim— Negligent Misrepresentation), and 409.9 (Issues on Plaintiffs Claim — False Information Negligently Supplied for the Guidance of Others), are each amended to clari *597 fy that, causation is an element of the respective cause of action.
Next, the Court amends as proposed jury instruction 501.1 (Personal Injury and Property Damages: Introduction) to re: move language applicable to wrongful death cases, as well as to add damages language pertaining to the claimant. These same amendments are also made to Model Instruction 2, and on the Court’s own motion, to Model Instructions 4 and 6. In addition, the Note on Use to instruction 501.1 is amended to clarify the circumstances when instructions 501.3 (Motor Vehicle No-Fault Instruction), 501.4 (Comparative Negligence, Non-Party Fault and Multiple Defendants), or 501.5 (Other Contributing Causes of Damages) should be used, and to explain that to complete the instructions for personal injury and property damages, the applicable parts of instructions 501.6-501.9 (Mortality Tables; Reduction of Damages to Present Value; Collateral Source Rule; Liability of Multiple Tortfeasors) are to be used.
The “Notes on Use for 502.1” to jury instruction 502.1 (Wrongful Death Damages: Introduction) is amended as follows. First, the amendment directs that applicable portions of instructions 502.1-502.4 (Wrongful Death Damages: Introduction; Wrongful Death Damages: Elements for Estate and Survivors; Wrongful Death Damages of Estate and Survivors: Separate Awards for Estate and Survivors; and Wrongful Death Damages: Elements when There Are No Survivors) should be used for wrongful death damage instructions, and that instructions 502.6-502.8 (Mortality Tables; Reduction of Damages to Present Value; and Liability of Multiple Tortfeasors) be used to complete the instructions for wrongful death damages. The amendment also directs that instruction 502.5 (Comparative Negligence, Non-Party Fault and Multiple Defendants) be used if there is a comparative fault or Fabre issue[2] after giving instructions on the elements of damages.
We amend jury instruction “B. Punitive Damages” of Section 500 to include a “Note on Use for Punitive Damages Charges,” applicable to the two punitive damages instructions, 503.1 (Bifurcated Procedure) and 503.2 (Non-Bifurcated Procedure).
The instructions, as set forth in the appendix to this opinion, are authorized for publication and use. New language is indicated by underlining and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
*598 APPENDIX
401.13 PREEMPTIVE CHARGES
The court has determined and now instructs you that

a. Duty to use reasonable care:

the circumstances at the time and place of the incident involved in this case were such that (defendant) had a duty to use reasonable care for (claimant’s) safety.

(skip to instruction 1>01.43-18_ on negligence issues)

NOTE ON USE FOR 401.13a
This preemptive instruction is not for use routinely, but only when the reasonable care standard was contested before the jury, as by an instruction 401.14 issue now to be withdrawn as a matter of law. In that event instruction 401.13a properly emphasizes reasonable care as embodied in instruction 401.17 or 401.19 and 401.4. Otherwise it is argumentative.

b. Vicarious liability:

(Defendant) is responsible for any negligence of (name) in (describe alleged negligence).

(skip to instruction lp01.i%18_ on negligence issues)

c. Negligence:

(Defendant) was negligent. The issue for you to decide [on (claimant’s) claim] is whether such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant or person on whose behalf the claim is made).

(skip to causation, damage issues and general instructions)

d.Directed verdict on liability:

(Defendant) was negligent and such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant). (Claimant) is therefore entitled to recover from (defendant) for the [loss] [injury] [or] [damage] as is shown by the greater weight of the evidence to have been caused by (defendant).

(skip to damage issues and general instructions)

NOTE ON USE FOR 401.13d
This instruction should be given only when the sole issue to be determined by the jury is damages.
NOTES ON USE FOR 401.13
1. This instruction covers only preemptive instructions on issues arising on claims. Preemptive instructions on defense issues are covered in instruction 401.22 and should be given at that stage of the instruction.
2. It may be necessary or desirable in some cases for the court to introduce this instruction by calling attention to the evidence or arguments of counsel in which the issue now to be withdrawn was raised or discussed.
401.20 ISSUES ON PLAINTIFF’S CLAIM — PREMISES LIABILITY
The [next] issues on (claimant’s) claim, for you to decide are:

a. Landowner or possessor’s negligence (toward invitee and invited licensee);

whether (defendant) [negligently failed to maintain the his premises in a reasonably safe condition], [or] [negligently failed to correct a dangerous condition about which (defen *599 dant) either knew or should have known, by the use of reasonable care,] [or] * [negligently failed to warn (claimant) of a dangerous condition about which (defendant) had, or should have had, knowledge greater than that of (claimant) ]; and, if so, whether such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
NOTES ON USE FOR 401.20a
1. If there is an issue of whether claimant had status as an invitee or invited licensee, give instructions 401.16a and 401.17 as preliminary instructions before giving instruction 401.20a. The final segment of instruction 401.20a, marked with an asterisk (*), is inapplicable when plaintiff does not proceed on a theory of defendant’s failure to warn.
2. The phrase “... about which (defendant) either knew or should have known by use of reasonable care ...” may be inappropriate in cases involving “transitory foreign objects.” F.S. 768.0710; Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256 (Fla.2002); Owens v. Publix Supermarkets, Inc., 802 So.2d 815 (Fla.2001); Melkonian v. Broward County Board of County Commissioners, 844 So.2d 785 (Fla. 4th DCA 2003).

b.Landoumer or possessor’s negligence (toward discovered trespasser or foreseeable licensee):

whether (defendant) negligently failed to warn (claimant) of a dangerous condition and risk which were known to (defendant) and of which (claimant) neither knew nor should have known, by the use of reasonable care; and, if so, whether such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
NOTE ON USE FOR 401.20b
Give preliminary instructions 401.16b and 401.17 before giving instruction 401.20b if there is a jury question of whether defendant owned or had possession of the land or premises, or whether he knew of the dangerous condition, or whether he knew of claimant’s presence (if claimant was a trespasser) or should have foreseen claimant’s presence (if claimant was a licensee).
c. Attractive nuisance:
whether (defendant) was negligent in maintaining or in failing to protect (claimant child) from the (describe structure or other artificial condition) on the land or premises in question; and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
NOTE ON USE FOR 401.20c
This instruction and instruction 401.16c, taken together, state all elements of the attractive nuisance doctrine. The committee considers subsections (d) and (e) of Restatement (2d) of Torts § 389 to be unnecessary to the instruction because negligence is otherwise defined by instruction 401.4.

d. Landlord’s negligence (toward tenant):

(1). When leased premises are not residential:

whether (defendant landlord) negligently failed to disclose to (claimant *600 tenant) a dangerous condition on the leased premises which was known to (defendant), which was not known to (claimant) or discoverable by [him][her] by the use of reasonable care, and which (defendant) had reason to believe (claimant) could not discover; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).

(2). When leased premises are residential (not common areas):

whether, [before allowing (claimant tenant) to take possession of the dwelling, (defendant landlord) negligently failed to repair a defect that was discoverable by a reasonable inspection] [or] [after (claimant tenant) took possession of the dwelling, (defendant landlord) negligently failed to repair a dangerous or defective condition on the premises of which [he][she] [it] had actual notice]; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
NOTES ON USE FOR 401.20d
1.This instruction, reflecting a greater duty by landlord to tenant on leased residential premises, was derived from Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981), overruling to that extent Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946). See also F.S. 83.51 (1981), which may impose on the landlord greater duties, in respect to conditions arising after a tenant’s possession, than were addressed in Mansur. If other or greater duties are imposed by the statute, this instruction should be modified to express those duties in the terms of the case. This instruction pertains to the landlord’s duties, not the tenant’s, but the committee calls attention to statutes in F.S. Chapter 83 imposing certain duties on the tenant, which may affect the landlord’s duties as expressed in this instruction.
2. Common areas. With respect to common areas, the landlord’s duty to the tenant is stated in instruction 401.20d. The landlord’s duty to others in common areas is the same as that owed by any landowner or possessor of land, e.g., instructions 401.16a, 401.16b.
3. Persons invited on leased residential premises by tenant. The landlord’s duty to persons invited on leased residential premises by the tenant is the same as the landlord’s duty to the tenant. Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981).
4. Waiver. The committee expresses no opinion about whether a tenant may waive duties owed him by the landlord. Compare Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981), with F.S. 83.51(1)(b), 83.51(4), and 83.47 (1981).

e. Municipality’s negligence in maintenance of sidewalks and streets:

whether the city negligently failed to maintain its [sidewalk] [or] [street] in a reasonably safe condition or failed to correct or warn (claimant) of a dangerous condition of which the city either knew or should have known, by the use of reasonable care; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
NOTE ON USE FOR 401.20e
City of Tampa v. Johnson, 114 So.2d 807 (Fla. 2d DCA 1959); Schutzer v. City *601 of Miami, 105 So.2d 492 (Fla. 3d DCA 1958).
401.22 DEFENSE ISSUES
If, however, the greater weight of the evidence supports [ (claimant’s) claim] [one of more of (claimant’s) claims], then you shall consider the defense[s] raised by (defendant).
On the [first] * defense, the issue[s] for you to decide [is][are]:
* The order in which the defenses are listed below is not necessarily the order in which the instructions should be given.

a.Comparative negligence generally:

whether (claimant or person for whose injury or death claim is made) was [himself] [herself] negligent in (describe alleged negligence) and, if so, whether that negligence was a contributing legal cause of injury or damage to (claimant).
NOTES ON USE FOR 401.22a
1. Instruction 401.4, defining negligence, is applicable both to defendant’s negligence and claimant’s negligence. The consequences of negligence on claimant’s part are explained to the jury by instruction 401.22a. There being no need to give claimant’s negligence the special designation “comparative negligence,” the committee recommends that “comparative negligence” not be referred to in the instruction and that the term not be defined.
2. Special verdicts and special interrogatories. Special verdicts are required in all jury trials involving comparative negligence. Lawrence v. Florida East Coast Railway Co., 346 So.2d 1012 (Fla.1977).
3 Presumption of reasonable care. The committee recommends that no instruction be given to the effect that a deceased person or an injured person or either party is presumed to have exercised reasonable care for his own safety or for the safety of others. If such a presumption is thought to take the place of evidence and make a prima facie case for the party having the burden of proof, the presumption “disappears” upon the introduction of any evidence tending to overcome it. Gulle v. Boggs, 174 So.2d 26 (Fla.1965). If the presumption is thought to operate against the party having the burden of proof, as in the case of the presumption that a decedent was not comparatively negligent but was exercising reasonable care for his own safety, such an instruction is merely a way (and a confusing way, at that) of stating that the burden of proving comparative negligence is on the party asserting it. In either case, an instruction on the subject is superfluous. But compare Louisville & Nashville Railroad Co. v. Yniestra, 21 Fla. 700 (1886); Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 So. 516 (Fla.1906); and Martin v. Markis-Makris 101 So.2d 172 (Fla. 3d DCA 1958).

b.Driver’s comparative negligence (w hen owner sues third party):

whether (driver), while operating a vehicle owned by (claimant) * [with [his][her] consent, express or implied,] was [himself] [herself] negligent in the operation of the vehicle and, if so, whether that negligence was a contributing legal cause of the injury or damage to (claimant).

c.Joint enterprise (driver’s negligence):

whether (driver) was operating the automobile at the time and place of the [collision] [incident in this case] to *602 further the purposes of a joint enterprise in which [he] [she] was engaged with (claimant passenger); if so, whether (driver) was negligent in the operation of the automobile; and, if so, whether that negligence was a contributing legal cause of [loss] [injury] [or] [damage] to (claimant). A joint enterprise exists when two or more persons agree, expressly or impliedly, to engage in an activity in which they have a common interest in the purposes to be accomplished and equal rights to control and manage the operation of an automobile in the enterprise. Each member of a joint enterprise is responsible for the negligence of another member in the operation of the automobile if that negligence occurs while [he][she] is acting under the agreement and to further the purposes of the joint enterprise.

d. Comparative negligence of parent predicated on other parent’s negligence (claim for death of child):

whether (parent) was negligent in caring for and supervising the child, (name); if so, whether that negligence was a contributing legal cause of the death of (child), and, if so, whether (other parent), in the exercise of reasonable care, should have anticipated that negligence on the part of (parent).

e. Comparative negligence of custodian of child other than parent:

whether, before the incident in this case, (claimant) placed (child) in the care and custody of (custodian), if so, whether (custodian) was negligent in caring for and supervising the child, (name); and, if so, whether that negligence was a contributing legal cause of [injury] [and] [death] to (child).
NOTE ON USE FOR 401.22e
Wynne v. Adside, 163 So.2d 760 (Fla. 1st DCA 1964). See also Winner v. Sharp, 43 So.2d 634 (Fla.1950).

f Apportionment of fault:

whether (identify additional person(s) or entit(y)(ies)) [was] [were] also [negligent] [at fault] [responsible] [ (specify other type of conduct) ]; and, if so, whether that [negligence] [fault] [responsibility] was a contributing legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
NOTE ON USE FOR 401.22Í
See F.S. 768.81 (1993); Fabre v. Marin, 623 So.2d 1182 (Fla.1993). In most cases, use of the term “negligence” will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly. In strict liability cases, the term “responsibility” may be the most appropriate descriptive term.

g. Assumption of risk:

whether (claimant) knew of the existence of the danger complained of; realized and appreciated the possibility of injury as a result of such danger; and, having a reasonable opportunity to avoid it, voluntarily and deliberately exposed [himself] [herself] to such danger.
NOTE ON USE FOR 401.22g
Blackburn v. Dorta, 348 So.2d 287 (Fla.1977), abolished the assumption of risk *603 defense except in cases identified in that opinion.
402.4 MEDICAL NEGLIGENCE

a. Negligence (physician, hospital or other health provider):

Negligence is the failure to use reasonable care. Reasonable care on the part of a [physician] [hospital] [health care provider] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers]. Negligence on the part of a [physician] [hospital] [health care provider] is doing something that a reasonably careful [physician] [hospital] [health care provider] would not do under like circumstances or failing to do something that a reasonably careful [physician] [hospital] [health care provider] would do under like circumstances.
[If you find that (describe treatment or procedure) involved in this case was carried out in accordance with the prevailing professional standard of care recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers], then, in order to prevail, (claimant) must show by the greater weight of the evidence that his or her injury was not within the necessary or reasonably foreseeable results of the treatment or procedure.]
NOTES ON USE FOR 402.4a
1. See F.S. 766.102. Instruction 402.4a is derived from F.S. 766.102(1) and is intended to embody the statutory definition of “prevailing professional standard of care” without using that expression itself, which is potentially confusing.
2. The second bracketed paragraph is derived from F.S. 766.102(2)(a) and should be given only in cases involving a claim of negligence in affirmative medical intervention.

b. Negligence (treatment without informed consent):

[Negligence is the failure to use reasonable care.] Reasonable care on the part of a [physician] [health care provider] in obtaining the [consent] [informed consent] to treatment of a patient consists of

(1). When issue is whether consent was obtained irregularly:

obtaining the consent of the patient [or one whose consent is as effective as the patient’s own consent such as (describe) ], at a time and in a manner in accordance with an accepted standard of medical practice among members of the profession with similar training and experience in the same or a similar medical community.

(2). When issue is whether sufficient information was given:

providing the patient [or one whose informed consent is as effective as the patient’s informed consent, such as (describe) ] information sufficient to give a reasonable person a general understanding of the proposed treatment or procedure, of any medically acceptable alternative treatments or procedures, and of the substantial risks and hazards inherent in the proposed treatment or procedure which are recognized by other [physicians] [health care providers] in the same or a similar community who *604 perform similar treatments or procedures.
NOTE ON USE FOR 402.4b
This instruction is derived from the provisions of F.S. 766.103.
c. Foreign bodies:
[Negligence is the failure to use reasonable care.] The presence of (name of foreign body) in (patient’s) body establishes negligence unless (defendant(s)) prove(s) by the greater weight of the evidence that [he][she][it] was not negligent.
NOTES ON USE FOR 402.4c
1. This instruction is derived from F.S. 766.102(3). The statute uses the term “prima facie evidence of negligence.” The committee recommends that term not be used as not helpful to a jury. Rather, the committee has used the definition of prima facie. See, e.g., State v. Kahler, 232 So.2d 166, 168 (Fla.1970) (“prima facie” means “evidence sufficient to establish a fact unless and until rebutted”).
2. Before this instruction is given, the court must make a finding that the foreign body is one that meets the statutory definition. See Kenyon v. Miller, 756 So.2d 133 (Fla.23d DCA 2000).

d. Failure to make or maintain records:

[Negligence is the failure to use rea-sonáble care.] The law requires (defendant) as a licensed health care provider to prepare and maintain health care records.
[Because (defendant) did not [make] [or] [maintain] (describe the missing record®)

or

[If you find that a person who was responsible for [making] [or] [maintaining] (describe the missing record(s)) and failed to do so]
you should presume (describe the missing records(s)) contained evidence of negligence unless (defendant) proves otherwise by the greater weight of the evidence. You may consider this presumption, together with the other evidence, in determining whether (defendant) was negligent.]
NOTES ON USE FOR 402.4d
1. The second bracketed paragraph should be used if there is no issue about whether the records were made or maintained. If there is an issue about the making or maintenance of the records, then the third bracketed paragraph should be used.
2. This instruction applies only when records are required to be made and maintained and the court determines that the inability or failure to locate a record or records hinders the plaintiffs ability to establish a case. Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987).

e.Res Ipsa Loquitur:

[Negligence is the failure to use reasonable care.] If you find that ordinarily the [incident] [injury] would not have happened without negligence, and that the (describe the item) causing the injury was in the exclusive control of (defendant) at the time it caused the injury, you may infer that (defendant) was negligent unless, taking into consideration all of the evidence in the case, you find that the (describe event) was not due to any negligence on the part of (defendant).
*605 402.12 ISSUES ON CLAIM OF ATTORNEY MALPRACTICE ARISING OUT OF CIVIL LITIGATION
The [next] issue(s) for you to decide on (claimant’s) claim against (defendant) [is][are] whether (defendant) was negligent in (describe alleged negligence) and, if so, if (defendant) had not been negligent, whether (claimant) would [have been successful] [have obtained a more favorable outcome] in [his][her] [their] [its] [claim against (original adverse party) ] [defense in (original proceedings) ].

a. Negligence of plaintiffs counsel:

In (claimant’s) claim against (original defendant) (claimant) would have had to prove by the greater weight of the evidence that (original defendant) was negligent in (describe conduct involved in original claim) and that (original defendant’s) negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant).

Depending on the particular cause of action in the original proceeding, add appropriate substantive law instructions from section 4-00 to frame the appropriate issues from the original proceeding.

[To have been successful in [his][her] [their] [its] claim against (original defendant) (claimant) must show that any judgment would have been collectible.]

b. Negligence of defendant’s counsel:

In (claimant’s) defense in the case of (identify original case) (claimant) would have had to prove by the greater weight of the evidence that [ (original claimant) was negligent and that [his][her] [their] [its] negligence was a contributing legal cause of the injury or damage to (original claimant) ] (describe issues in other applicable defenses).

Depending on the particular cause of action in the original proceeding, add appropriate substantive law instructions from section 400 to frame the appropriate issues from the original proceeding.

NOTES ON USE FOR 402.12
1. When defendant’s professional negligence deprives a party of a chance to resolve a contested claim or defense and the circumstances do not readily permit determining the value of the lost claim or defense, the party may have to prove the value of the claim or defense in the form of a “trial within a trial.” Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Fernandes v. Barrs, 641 So.2d 1371 (Fla. 1st DCA 1994). In such circumstances, instruction 4042.12 should be used to describe the issues instead of instruction 402.11. The committee expresses no opinion on the type of evidence that may be used to prove such a claim. Farish v. Bankers Multiple Line Insurance Co., 425 So.2d 12 (Fla. 4th DCA 1983); Tarleton v. Arnstein & Lehr, 719 So.2d 325 (Fla. 4th DCA 1998). When defendant’s professional negligence results in other kinds of direct loss, such as the loss of an inheritance or insurance benefits, the normal issue instruction, 402.11, should be used.
2. Use the last bracketed paragraph in instruction 402.12a when there is an issue as to the collectibility of any judgment that could have been obtained in the original action. When, however, an attorney’s negligence makes it impossible to prove the collectibility of a claim, the burden shifts to the attorney defendant to prove that the judgment or any portion thereof was un-collectible. Fernandes v. Barrs, 641 So.2d 1371 (Fla. 1st DCA 1994).
*606 3. This instruction should be followed by instruction 402.13, appropriately modified to describe the burden of proof in both the pending claim as well as the original proceedings.
406.5MALICE
One acts maliciously in [instituting] [continuing] a [criminal] [civil] proceeding against another if he or she does so for the primary purpose of injuring the other, or recklessly and without regard for whether the proceeding is justified, or for any primary purpose except [to bring an offender to justice] [to establish what he or she considers to be a meritorious claim]. In determining whether (defendant) acted maliciously, you may consider all the circumstances at the time of the conduct complained of, including any lack of probable cause to [institute] [continue] the proceeding.
406.6INSTITUTING OR CONTINUING A PROCEEDING
One is regarded as having [instituted] [continued] a [criminal] [civil] proceeding against another if the proceeding resulted directly and in natural and continuous sequence from his or her actions, so that it reasonably can be said that, but for his or her actions, the proceeding would not have been [instituted] [continued]. [One is not regarded as having [instituted] [continued] a criminal proceeding against another if in good faith he or she made a full and fair disclosure of what he or she knew to the proper authorities and left the decision to [institute] [continue] the prosecution entirely to the judgment of the authorities.]
NOTE ON USE FOR 406.6
See Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973); Zippy Mart, Inc. v. Mercer, 244 So.2d 522 (Fla. 1st DCA 1970).
408.6ISSUES ON PLAINTIFF’S CLAIM — INTERFERENCE WITH BUSINESS RELATIONS OR WITH CONTRACT TERMINABLE AT WILL
The issues for you to decide on (claimant’s) claim against (defendant) are whether (defendant) improperly and intentionally interfered with business relations between (claimant) and (name); and if so, whether such interference was the legal cause of [loss] [injury] [or] [damage] to (claimant).
The first issue you will decide is whether (defendant) interfered with (claimant’s) business relations with (name) by inducing or otherwise causing (name) [not to enter into a contract with (claimant) ] [not to continue doing business with (claimant) ] [to terminate or bring to an end a contract which (name) was not bound to continue with (claimant) ] [ (describe other interference) ].
If the greater weight of the evidence does not show that (defendant) interfered with (claimant’s) business relations, your verdict should be for (defendant).
[However, if the greater weight of the evidence shows that (defendant) did [interfere with (claimant’s) business relations with (name) ] [cause (name) to cease doing business with (claimant) ], you must then decide whether (defendant’s) interference was improper.
A person who enjoys business relations with another is entitled to protection from improper interference with that relationship. However, another *607 [person] [business] is entitled to [compete for the business]N1 [or]N-2 [advance [his][her][its] own financial interest]N-2 so long as [he][she][it] has a proper reason or motive and [he][she][it] uses proper methods.
A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance [or protect]N-2 [his][her][its] own [business] [or] [financial]N-2 interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and the interference is improper.
Also, a person who interferes with another’s business relations using ordinary business methods [of competition]N1 does not interfere by an improper method. But one who uses [physical violence] [misrepresentations] [illegal conduct] [threats of illegal conduct] [or] [ (identify other improper conduct) ]N-4 has no privilege to use those methods, and interference using such methods is improper.
If the greater weight of the evidence does not show that (defendant’s) interference was improper, your verdict should be for the (defendant).
[However, if the greater weight of the evidence shows that (defendant’s) interference was improper, you must finally decide whether (defendant’s) interference was intentional.]
[However, if the greater weight of the evidence shows that (defendant) did [interfere with (claimant’s) business relations with (name) ] [cause (name) to cease doing business with (claimant) ], you must then decide whether (defendant’s) interference was intentional.]
Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.
If the greater weight of the evidence does not support (claimant’s) claim [that (defendant) intentionally interfered with (claimant’s) [contract] [business relationship] with (name),]N,s then your verdict should be for (defendant).
[However, if the greater weight of the evidence supports (claimant’s) claim, then your verdict should be for (claimant).]
[However, if the greater weight of the evidence supports (claimant’s) claim, then you shall consider (defendant’s) defense. On the defense, the issue for your determination is whether (defendant) acted properly in interfering as [he][she][it] did.]
A party is entitled to [compete for the business]N1 [or]N-2 [advance [his][her][its] own financial interest]N-2 so long as [he][she][it] has a proper reason or motive and [he][she][it] uses proper methods. A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance [or protect]N-2 [his][her][its] own [business] [or] [financial] N-2 interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and the interference is improper.
Also, a person who interferes with another’s business relations using ordinary business methods [of competition]N1 *608 does not interfere by an improper method. But one who uses [physical violence] [misrepresentations] [illegal conduct] [threats of illegal conduct] [or] [ (identify other improper conduct) ]NA has no privilege to use those methods, and interference using such methods is improper.]
[However, if the greater weight of the evidence [does not support the defense of (defendant) and the greater weight of the evidence] supports (claimant’s) claim, then your verdict should be for (claimant).]
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for the [loss] [or] [damage] that was caused by the intentional interference.
NOTES ON USE FOR 408.6
1. The bracketed phrases marked N.l should be given only in cases involving a competition defense and not in cases involving only a financial interest defense.
2. The bracketed phrases marked N.2 should be given only when there is a factual issue of whether the defendant interfered to protect his own financial interest in the business of another.
3. Pending further development of the law, the committee takes no position on whether it is plaintiffs burden to prove that conduct was improper or defendant’s burden to prove that conduct was justified. Bracketed language is included to cover both alternatives, depending on what the court decides on that issue.
4. Pending further development of the law, the committee takes no position as to whether “improper conduct” must either violate a statute or constitute a separate tort. Instruction 408.6 poses the “propriety” of the conduct as an issue for the jury to decide. The factors listed are not considered by the committee to be exclusive and, if the court determines that other factors may be considered by the jury, this instruction should be modified accordingly. See, e.g., Restatement (2d) of Torts § 767. If the court determines as a matter of law that the conduct is “improper,” a preemptive instruction modeled after instruction 401.13 should be given.
5. In cases where a claimant alternatively asserts that the contract is either terminable or non-terminable (or involves a prospective business relation), the court should give additional instructions to explain the distinctions between instructions 408.5 and 408.6 to assist the jury in determining how to apply these alternative instructions and their different standards.
6. The two most common bases for interference claimed to be “proper” are the defendant’s competitive purposes or his financial interest in the business of the third person whose relationship with claimant was interrupted. See Restatement §§ 768, 769. The committee has therefore included in instruction 408.6 the substance of the issues to be considered in those situations. The committee has not attempted to include the substance of any other issues on this point, e.g., Restatement § 767, which may control other cases. In such cases, instruction 408.6 will have to be modified accordingly.
409.7 ISSUES ON PLAINTIFF’S CLAIM — FRAUDULENT MISREPRESENTATION
The issues for you to decide on (claimant’s) claim [for fraudulent misrepresentation] are:

*609
The bracketed language should be used for clarity when there are also claims for negligent misrepresentation and/or negligently supplying false information for the guidance of others.

First, whether (defendant) [intentionally] * made a false statement concerning a material fact;
Second, whether (defendant) knew the statement was false when [he][she][it] made it or made the statement knowing [he] [she][it] did not know whether it was true or false;
Third, whether (defendant) intended that another would rely on the false statement; and
Fourth, whether (claimant) relied on the false statement; and, if so,*
Fifth, whether the false statement was a legal cause of [loss] [injury] [or] [damage] to (claimant).
[On this claim for fraudulent misrepresentation, the]** (claimant) may rely on a false statement, even though its falsity could have been discovered if (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he][she][it] knew it was false or its falsity was obvious to [him][her][it].
NOTES ON USE FOR 409.7
1.It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Johnson v. Davis, 480 So.2d 625 (Fla.1985); Lance v. Wade, 457 So.2d 1008 (Fla.1984); Wallerstein v. Hospital Corp. of America, 573 So.2d 9 (Fla. 4th DCA 1990); Atlantic National Bank v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1985).
2. One or more issues in instruction 409.7 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. A preemptive instruction on omitted issues should be given only if required by events during the trial.
3. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even when an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her. Besett v. Basnett, 389 So.2d 995 (Fla.1980).
4. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. Casey v. Welch, 50 So.2d 124 (Fla.1951); Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408 (1930); Pryor v. Oak Ridge Development Corp., 97 Fla. 1085, 119 So. 326 (1928); Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc., 362 So.2d 338 (Fla. 4th DCA 1978). The damage attributable to the fraud must be separate from the damages flowing from a breach of contract. AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla.1987); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); John Brown Automation, Inc. v. Nobles, *610 537 So.2d 614 (Fla. 2d DCA 1988); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dism. 415 So.2d 1359 (Fla.1982).
409.8ISSUES ON PLAINTIFF’S CLAIM — NEGLIGENT MISREPRESENTATION
The [next] issues for you to decide on (claimant’s) claim [for negligent misrepresentation and they] * are:
First, whether (defendant) made a statement concerning a material fact that [he][she][it] believed to be true but which was in fact false;
Second, whether (defendant) was negligent in making the statement because [he][she][it] should have known the statement was false;
Third, whether in making the statement, (defendant) intended [or expected] that another would rely on the statement; and
Fourth, whether (claimant) justifiably relied on the false statement; and, if so,*
Fifth, whether the false statement was a legal cause of [loss] [injury] [or] [damage] to (claimant).
NOTES ON USE FOR 409.8
1.It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Johnson v. Davis, 480 So.2d 625 (Fla.1985); Lance v. Wade, 457 So.2d 1008 (Fla.1984); Wallerstein v. Hospital Corp. of America, 573 So.2d 9 (Fla. 4th DCA 1990); Atlantic National Bank v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1985).
2. The committee takes no position as to whether there are separate and distinct causes of action for negligent misrepresentation under Restatement (2d) of Torts § 552 and false information negligently supplied under the common law. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997).
3. One or more issues in instruction 409.8 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. A preemptive instruction on omitted issues should be given only if required by events during the trial.
409.9 ISSUES ON PLAINTIFF’S CLAIM — FALSE INFORMATION NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS
The [next] issues for you to decide on (claimant’s) claim [for false information negligently supplied for the guidance of others and they] * are:
First, whether (defendant) supplied false information to (claimant) in the course of (defendant’s) [business] [profession] [employment] [or] [in any transaction in which (defendant) had an economic interest];
Second, whether (defendant) was negligent in [obtaining] [or] [communicating] the false information;
*611 Third, whether (claimant) was a person for whose benefit and guidance (defendant) intended to supply the false information for use in (claimant’s) [business transaction] [ (describe specific transaction) ];
Fourth, whether (defendant) intended the false information to influence (claimant) in this business transaction;
Fifth, whether (claimant) justifiably relied on the false information; and, if SO,T
Sixth, whether the false information was a legal cause of [loss] [injury] [or] [damage] to (claimant).
NOTES ON USE FOR 409.9
1. One or more issues in instruction 409.9 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. For example, when there is a public duty under Restatement (2d) of Torts § 552(3), the third issue may not require jury determination. A preemptive instruction on omitted issues should be given only if required by events during the trial.
2. This instruction sets forth the essence of a Restatement (2d) of Torts § 552 claim without incorporating some of the Restatement’s more complex language. There may be factual circumstances in a specific § 552 case that are not covered by these standard instructions. For example, these instructions may require modification if false information was passed on to the plaintiff by a “recipient.” Comment (b) to § 552 suggests that this section applies to an opinion given upon facts equally well known to both the supplier and the recipient. The committee takes no position upon the application of this section to opinions under Florida law. If the instruction is used in the case of an opinion, it may require modification.
3.The committee takes no position as to whether there are separate and distinct causes of action for negligent misrepresentation under Restatement § 552 and false information negligently supplied under the common law. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997).
410.8 BURDEN OF PROOF ON CLAIM
If the greater weight of the evidence does not support (claimant’s) claim, your verdict should be for (defendant).
However, if the greater weight of the evidence supports (claimant’s) claim, [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense raised by (defendant) ].
[If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense, your verdict should be for (claimant) and against (defendant).]
NOTES ON USE FOR 410.8
1. The Restatement (2d) of Torts and case law discuss the defense of “privilege.” See Metropolitan Life Insurance Co. v. McCarson, 429 So.2d 1287 (Fla. 4th DCA 1983); Baker v. Florida National Bank, 559 So.2d 284 (Fla. 4th DCA 1990); Restatement § 46, cmt. g. In addition to banks and insurers, merchants have asserted the defense. In Southland Corp. v. Bartsh Bartsch, 522 So.2d 1053, 1056 (Fla. 5th DCA 1988), the court held that a con *612 venience store manager’s conduct (having a six-year-old child arrested for stealing gum) was no more than an assertion of the store’s rights in a legally permissible way, and was privileged “as a matter of law.” In Canto v. J.B. Ivy Ivey & Co., 595 So.2d 1025, 1028 (Fla. 1st DCA 1992), two children were detained by a merchant who suspected them of shoplifting; citing McCarson and the Restatement (2d) of Torts, the court found “no evidence in the record suggesting that the conduct of either employee even approached the limits of this privilege.” See also Mallock v. S. Mem’l Park, Inc., 561 So.2d 330 (Fla. 3d DCA 1990).
Pending further development of Florida law, the committee has not submitted a standard instruction concerning any defense.
2. For damage instructions go to instruction 501.1 et seq.
412.1CONTRIBUTION SOUGHT BY CROSS-CLAIMS BETWEEN DEFENDANT TORTFEASORS IN INJURED PARTY’S ORIGINAL ACTION

This instmction should follow 501.9 or 502.8, 506.10, Joint ■ Liability-of-J'-oint-T-ort-fmmrsLiability of Multiple Tortfeasors.

Even though any damages you award (claimant) must be found in a single amount against the defendant or defendants whom you find to be liable to (claimant), if the greater weight of the evidence shows that more than one defendant was negligent and that their negligence contributed as a legal cause of injury and damage to (claimant), you should determine by your verdict what percentage of the total negligence of [both] [all] defendants (name them) was caused by each.
NOTE ON USE FOR 412.1
Model Instruction No. 6 illustrates the use of this instruction.
413.2SUMMARY OF CLAIMS OR CONTENTIONS
The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) is obligated to pay for certain medical expenses (describe medical expenses).
(Defendant) denies that claim [and also claims that (claimant) was (describe any affirmative defenses) ].
The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
SECTION 500 — DAMAGES
A. Compensatory Damages
1. Personal Injury and Property Damages
501.1 Personal Injury and Property Damages: Introduction
501.2 Personal Injury and Property Damages: Elements
501.3 Comparative-Negligence, Non Party Fault and Multiple Defendants Motor Vehicle No-Fault Instruction
501.4 Motor-Vehic4e-Fault Threshold Instruction Comparative Negligence, Non-Party Fault and Multiple Defendants
501.5 Other Contributing Causes of Damage
501.6 Mortality Tables
501.7 Reduction of Damages to Present Value
501.8 Collateral Source Rule
*613 501.9 Joint Liability of Joint Multiple Tortfeasors
2. Wrongful Death Damages
502.1 Wrongful Death Damages: Introduction
502.2 Wrongful Death Damages: Elements for Estate and Survivors
502.3 Wrongful Death Damages of Estate and Survivors: Separate Awards for Estate and Survivors
502.4 Wrongful Death Damages: Elements when There Are No Survivors
502.5 Comparative Negligence, Non-Party Fault and Multiple Defendants
502.6 Mortality Tables
502.7 Reduction of Damages to Present Value
502.8 Joint-Liability-of Joint Tortfea-sors Liability of Multiple Tort-feasors
B. Punitive Damages
503.1 Punitive Damages — Bifurcated Procedure
503.2 Punitive Damages — Non-Bifurcated Procedure
501.1 PERSONAL INJURY AND PROPERTY DAMAGES:
INTRODUCTION

a. When directed verdict is given on liability:

You should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him][her] for [his][her] [loss] [injury] [or] [damage], including any damage (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:
4 — When there is no iss-ue-of-eomparative negligence:
(If your verdict is for (defcndant(s)) you will not consider the matter of damages. — But, if your verdict-is-for-(claimant) -you should-award — -(claimant) an amount — of money — that—the—greater weight of the evidence-shows will fairly and adequately compensate -[him][her] for— [-his][her] [loss] [injury]-[-or-]-[damage-],-including any damage-(claimant) is reasonably — certain - to [incur] [experience] in-the-future. — You shall-consider the following elements:
be. All other cases: When — there--is an iss-ue-of-eomparative negligence:
If your verdict is for (defendant), you will not consider the matter of damages. But if the greater weight of the evidence supports (claimant’s personal-representative’s) claim, you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for [his][her] [loss] [injury] [or] [damage], the estate of (decedent) and-[-his-][-her-] survivors — sustained—as—a—result—of [his-][-her-]~ injuryand - death, including any damages that (claimant) is the estate and the survivors are reasonably certain to incur or experience in the future. You shall consider the following elements:
NOTE ON USE FOR 501.1
If there is an issue of limitation on damages because of F.S. 627.737(2), use in *614 struction 501.34. instead of instruction 501.1 and 501.2, If there is a comparative fault or Fabre issue, use the applicable parts of instruction 501.4 following either instruction 501.2 or 501.3. See Fabre v. Marin, 623 So.2d 1182 (Fla.1993). If there are issues involving other contributing causes of damage, use instruction 501.5. To complete the instructions for Personal Injury and Property damages, use the applicable parts of instructions 501.6-501.9.
501.43 MOTOR VEHICLE NO-FAULT THRESHOLD INSTRUCTION
If your verdict is for (defendant)(s)), you will not consider the matter of damages. But if the greater weight of the evidence supports (claimant’s) claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for the following elements of damage [to the extent that they have not been paid and are not payable by personal injury protection benefits], including damage that (claimant) is reasonably certain to incur in the future:

a.Medical expenses:

Care and treatment of claimant:

The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) in the past [or to be so obtained in the future].

Care and treatment of minor claimant after reaching majority:

The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably to be obtained by (minor claimant) after [he][she] reaches the age of (legal age).

b. Lost earnings, lost time, lost earning capacity:

When lost earnings or lost working time shown:

[Any earnings] [Any working time] lost in the past [and any loss of ability to earn money in the future].

When earnings or lost working time not shown:

Any of loss ability to earn money sustained in the past [and any such loss in the future].
c. Property damage:
Any damage to [his][her][its] (identify automobile or other personal property). The measure of such damage is:
[the difference between the value of the (name property) immediately before (incident complained of) and its value immediately afterward.]
[the reasonable cost of repair, if it was practicable to repair the (name property), with due allowance for any difference between its value immediately before the (incident complained of) and its value after repair.]
You shall also take into consideration any loss to (claimant) [for towing or storage charges and] by being deprived of the use of [his][her][its] (name property) during the period reasonably required for its [replacement] [repair].
NOTE ON USE FOR 501.43c
Concerning damages for loss of use, see Meakin v. Dreier, 209 So.2d 252 (Fla. 2d DCA 1968). Concerning prejudgment interest, contrast Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, Transporta *615 tion & Manufacturing, Co., 27 Fla. 1, 27 Fla. 157, 9 So. 661 (Fla.1891), and McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979).
You must next decide whether (claimant’s) [injury] [or] [disease], resulting from the incident in this case, is permanent. An [injury] [or] [disease] is permanent if it, in whole or in part, consists of:
[ (1) a significant and permanent loss of an important bodily function;] [or]
[ (2) a significant and permanent scarring or disfigurement;] [or]
[ (3) an injury that the evidence shows is permanent to a reasonable degree of medical probability].
If the greater weight of the evidence does not establish that (claimant’s) injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that (claimant’s) [injury] [or] [disease] is permanent, you should also award damages for [this] [these] additional element [s] of damage:

Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:

Any bodily injury sustained by (name) and any resulting pain and suffering [disability or physical impairment] [disfigurement] [mental anguish] [inconvenience] [or] [loss of capacity for the enjoyment of life] experienced in the past [or to be experienced in the future]. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

eJL spouse’s loss of consortium and services;

On the claim brought by (spouse), you should award (spouse) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (spouse) for any loss by reason of [his wife’s] [her husband’s] injury, of [his][her] services, comfort, society and attentions in the past [and in the future] caused by the incident in question.
NOTES ON USE FOR 501.43
1. See F.S. 627.737(2) (1991). Use of the threshold instruction will in most cases require the use of an interrogatory verdict form.
2. If there is proof that a claimant will incur future damages that are not excluded from recovery by F.S. 627.737 (1991), such as where claimant at trial is not at maximum medical improvement and will have a limited period of future lost income or medical expenses, it will be necessary to add the following language after the word “question”: “including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future.”
3. The committee has placed this instruction in the damages section because the statute sets a threshold to the recovery of non-economic damages only. If claimant does not establish permanency, claimant may still be entitled to recover economic damages that exceed personal injury protection benefits. See F.S. 627.737(2) (1991); Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89 (Fla.1995). Therefore, negligence will still be an issue for the jury to decide where there are recoverable economic damages even in cases where no permanency is found. If, however, there are no recoverable dam *616 ages or such damages are not submitted to the jury, then the court may wish to modify the instruction. For example, the court may instruct the jury: “If the greater weight of the evidence does not support the claim on the issue of permanency, then your verdict should be for the defendant.”
4. F.S. 627.737(2) (1991) does not define “permanent injury within a reasonable degree of medical probability” that is established by expert testimony. Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA 1989); Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984); Horowitz v. American Motorist Insurance Co., 343 So.2d 1305 (Fla. 2d DCA 1977); see Bohannon v. Thomas, 592 So.2d 1246 (Fla. 4th DCA 1992); City of Tampa v. Long, 638 So.2d 35 (Fla.1994). Therefore, the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel. See Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), quashed in part, approved in part, 620 So.2d 987 (Fla.1993); see Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992). But see Weygant v. Fort Myers Lincoln Mercury, Inc., 640 So.2d 1092 (Fla.1994).
501.34 COMPARATIVE NEGLIGENCE, NON-PARTY FAULT AND MULTIPLE DEFENDANTS
In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of (claimant). The court will enter a judgment based on your verdict and, if you find that (claimant) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by (claimant).
[The court will also take into account, in entering judgment against any defendant whom you find to have been negligent, the percentage of that defendant’s negligence compared to the total negligence of all the parties to this action.]*

When a Fabre issue is involved:

In determining the total amount of damages, you should [also] not make any reduction because of the [negligence] [fault], if any, of (identify any additional person or entity who will be on verdict form). The court in entering judgment will [also] take into account your allocation of [negligence] [fault] among all persons [or entities] who you find contributed to (claimant’s) damages.
NOTE ON USE FOR 501.34
When the jury is instructed to apportion fault, and a Fabre issue is involved, see Fabre v. Marin, 623 So.2d 1182 (Fla.1993), and Nash v. Wells Fargo Services, Inc., 678 So.2d 1262 (Fla.1996). The third paragraph of this instruction should be used to inform the jury of the appropriate procedure, so that the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of an F.S. 768.81 apportionment of liability in such cases. See Slawson v. Fast Food Enterprises, 671 So.2d 255, 260 (Fla. 4th DCA 1996); Seminole Gulf Railway, Limited Partnership v. Fassnacht, 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part). Pending further development in the law, the committee takes no position on this issue.
*617 501.9 JOINT LIABILITY OF JOINT TORTFEASORSLIABILITY OF MULTIPLE TORTFEASORS

a. Comparative negligence cases (special verdicts):

Even if you decide that [both] [more than one] of the defendants] were negligent, you should determine [ (claimant’s) ] [each claimant’s] damages in a single total amount, and write that amount, in dollars, on the verdict form.

b. Cases not requiring special verdicts:

If you find for (claimant) against [both] [more than one] of the defendant[s], you should assess (claimant’s) damages in a single amount against [both defendants] [the defendants whom you find to be liable to (claimant) ].
502.1 WRONGFUL DEATH DAMAGES: INTRODUCTION

a. When directed verdict is given on liability:

You should award (decedent’s) personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (decedent’s) estate and (decedent’s) survivors for their damages, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.
4 — All other cases:
If-your verdict is for (defendant), you will-mot-considei-the-mattei-of-damagesr Butr if-your verdict is for- (personal representative), you should award — (decedent’s) — personal—representative—an amount — of money — that—the—greater weight-of-the-evidence-shows will-fairly and-adequately-compensate-(-decedent’s) estate — and—(decedent’s)—survivors—for their — damages, including -any- -damages that — the—estate and the survivors are reasonably^eer-tain-to incur or experience in the future.
be. All other cases: When-there.is ■ an issue of comparative negligence:
If your verdict is for (defendant), you will not consider the matter of damages. But if the greater weight of the evidence supports (personal representative’s) claim, you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows the estate of (decedent) and [his][her] survivors sustained as a result of [his][her] injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.
NOTES ON USE FOR 502.1
1. -I-f-there-is-a-F-abre- issue, additional provisions will be necessary. See Fabre v. Marin, 623 So.2d 1182 (Fla.1996) and instruction — 562t§7 For Wrongful Death damage instructions, use the applicable parts of instructions 502.1-502.4. If there is a comparative fault or Fabre issue, after giving instructions on the elements of damages, use instruction 502.5. See Fabre v. Marin, 623 So.2d 1182 (Fla.1993). The note on use following instruction 502,5 provides more explanation of comparative fault and Fabre issues. To complete the instructions for Wrongful Death damages, use the applicable parts of instructions 502,6-502.8.
2. Model Instruction No. 2 illustrates the application of instructions 502.3 and 502.4 on wrongful death damages.
*618 502.2 WRONGFUL DEATH DAMAGES: ELEMENTS FOR ESTATE AND SURVIVORS

ELEMENTS FOR ESTATE:

In determining the damages recoverable on behalf of (decedent’s) estate, you shall consider the following elements:

a. Lost earnings:

The estate’s loss of earnings of (decedent) from the date of injury to the date of death, [less any amount of monetary support you determine a survivor lost during that period].

b. Lost accumulations:

The estate’s loss of net accumulations: “Net accumulations” is the part of (decedent’s) net income [from salary or business] after taxes, including pension benefits [but excluding income from investments continuing beyond death], which (decedent), after paying [his] [her] personal expenses and monies for the support of [his][her] survivors, would have left as part of [his] [her] estate if [he][she] had lived [his] [her] normal life expectancy.
NOTE ON USE FOR 502.2b
The estate may recover lost accumulations when the sole survivor is a parent without a cause of action in his or her own right, as well as when survivors include a spouse or lineal descendant. F.S. 768.21(6)(a) (1985); Vildibill v. Johnson, 492 So.2d 1047 (Fla.1986). The committee expresses no opinion concerning whether “net accumulations” include income ending at death which is not derived from salary or business. See F.S. 768.18(5) (1985); Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089 (Fla.1989); Wilcox v. Leverock, 548 So.2d 1116 (Fla.1989).
c. Medical or funeral expenses:
Medical or funeral expenses due to (decedent’s) injury or death which [have become a charge against (decedent’s) estate] [were paid by or on behalf of (decedent) by one other than a survivor].

ELEMENTS FOR SURVIVING SPOUSE, CHILD OR PARENTS OF CHILD:

In determining any damages to be awarded (decedent’s) personal representative for the benefit of (decedent’s) surviving [spouse] [children] [or] [parents], you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:

d. Damages of surviving spouse:

The [ (wife’s) (husband’s) ] loss of (decedent’s) companionship and protection, and [her][his] mental pain and suffering as a result of (decedent’s) injury and death. In determining the duration of the losses, you may consider the [joint life expectancy of (decedent) and (surviving spouse) ] [life expectancy of (surviving spouse) ] together with the other evidence in the case.
NOTES ON USE FOR 502.2d
1. F.S. 768.18 and 768.21 (1990), applicable to causes of action accruing after October 1, 1990, expand eligible survivor claimants in wrongful death actions by surviving parents and children, but are not applicable to claims for medical malpractice as defined by F.S. 766.106(1) (1989).
2. This instruction is intended to allow a jury determination, if warranted by the *619 evidence, that the surviving spouse’s loss will continue beyond the “joint life expectancy” until the survivor’s death, or will end before that actuarial period has elapsed.

e. Damages by surviving child:

The loss by (name all eligible children) of parental companionship, instruction and guidance, and [his][her] [their] mental pain and suffering as a result of (decedent’s) injury and death. In determining the duration of those losses, you may consider the [joint life expectancy of (decedent) and (surviving child) [each of (surviving children) ]] [life expectancy of (surviving children) [each of the surviving children]] together with the other evidence in the case.

f. Damages by surviving parent of child:

The mental pain and suffering of (parents) as a result of the injury and death of (child). In determining the duration of mental pain and suffering, you may consider the life [expectancy] [expectancies] of (surviving parent(s)) together with the other evidence in the case.

ELEMENTS FOR SURVIVORS, INCLUDING SURVIVING SPOUSE, CHILD OR PARENTS OF CHILD:

In determining any damages to be awarded (decedent’s) personal representative for the benefit of [each of] (decedent’s) survivor[s]* (name them all), you shall consider the following elements:

g. Lost support and services:

The [survivor’s] [survivors’, (name them all) ], loss, by reason of (decedent’s) injury and death, of (decedent’s) support and services [including interest at (legal rate) on any amount awarded for such loss from the date of injury to the date of death]. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor(s) and (decedent) [and the period of minority, ending at age 25, of a healthy minor child].
In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to (decedent), the amount of (decedent’s) probable net income available for distribution to the survivor and the replacement value of (decedent’s) services to the survivor(s). [“Support” includes contributions in kind as well as sums of money. “Services” means tasks regularly performed by (decedent) for a survivor that will be a necessary expense to the survivor because of (decedent’s) death.]*
NOTES ON USE FOR 502.2g
1. Period of minority. The period of minority for purposes of the wrongful death act is age 25. F.S. 768.18(2). The bracketed reference to the period of minority, in the first paragraph, should not be given if the minor survivor’s dependency will continue beyond that age because the child is not “healthy,” or if the decedent was a minor on whose support or services the claimant survivor would remain dependent beyond that time.
2. Support and services specially defined. The special definitions of these terms bracketed in the second paragraph should be given only when warranted by the evidence and requested by a party.

*620
h. Medical and funeral expenses paid by survivor:

[Medical] [or] [funeral] expenses due to (decedent’s) [injury] [or] [death] paid by any survivor.
502.5 COMPARATIVE NEGLIGENCE, NON-PARTY FAULT AND MULTIPLE DEFENDANTS
In determining the total amount of damages to (decedent’s) estate and [his][her] survivors as a result of [his][her] injury and death, you should not make any reduction because of the negligence, if any, of (decedent or surviv- or or any other person). The court will enter a judgment based on your verdict and, if you find that (decedent or surviv- or or any other person) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by (decedent or survivor or any other person).
[The court will also take into account, in entering judgment against any defendant whom you find to have been negligent, the percentage of that defendant’s negligence compared to the total negligence of all the parties to this action.]*

When a Fabre issue is involved:

In determining the total amount of damages, you should [also] not make any reduction because of the [negligence] [fault], if any, of (identify any additional person or entity who will be on verdict form). The court in entering judgment will [also] take into account your allocation of [negligence] [fault] among all persons [or entities] who you find contributed to (decedent or survivor or any other person’s) damages.
NOTE ON USE FOR 502.5
When the jury is instructed to apportion fault and a Fabre issue is involved, see Fabre v. Marin, 623 So.2d 1182 (Fla.1993), and Nash v. Wells Fargo Services, Inc., 678 So.2d 1262 (Fla.1996). The third paragraph of this instruction should be used to inform the jury of the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of F.S. 768.81 apportionment of liability in such cases. See Slawson v. Fast Food EnteprisesEnterprises, 671 So.2d 255, 260 (Fla. 4th DCA 1996); Seminole Gulf Railway Limited ParnetshipPartnership v. Fassnacht, 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part). Pending further development in the law, the committee takes no position on this issue.
502.8 JOINT LIABILITY OF JOINT MULTIPLE TORTFEASORS

a. Comparative negligence cases (special verdicts):

Even if you decide that [both] [more than one] of the defendants] were negligent, you should determine [ (claimant’s) ] [each claimant’s] damages in a single total amount, and write that amount, in dollars, on the verdict form.

b. Cases not requiring special verdicts:

If you find for (claimant) against [both] [more than one] of the defendants], you should assess (claimant’s) *621 damages in a single amount against [both defendants] [the defendants whom you find to be liable to (claimant) ].
B. PUNITIVE DAMAGES
NOTE ON USE FOR PUNITIVE DAMAGES CHARGES
Effective October 1, 1999, F.S. 768.735 changed the common law of punitive damages. These instructions are intended to comply with those statutory provisions. For instructions applicable to causes of action arising prior to October 1.1999, see Appendix C to this book.
These instructions are intended for use in the majority of punitive damages cases with causes of action arising on or after October 1,1999. They may not be applicable in cases involving a defendant acting under the influence of drugs or alcohol. See F.S. 768.736 (1999). Likewise, these instructions may not be applicable in cases involving child abuse, abuse of the elderly, or abuse of the developmentally disabled, or any civil action arising under F.S., Chapter 400. See F.S. 768.735 (1999).
Under certain circumstances, an additional instruction may be required regarding the upper limit on the amount of punitive damages. See Wransky v. Dalfo, 801 So.2d 239 (Fla. 4th DCA 2001).
Upon timely motion, a demand for punitive damages and determination of the issues raised by such a demand must be submitted to the jury under the bifurcated procedure established in W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Instruction 503.1 is intended to comply with the required bifurcated procedure-Absent a timely motion, punitive damage issues will be decided under a non-bifurcated procedure, as provided in 503.2,
MODEL INSTRUCTION NO. 1
Automobile collision; comparative negligence; single claimant and defendant; no counterclaim; no-fault threshold issue; witnesses testifying in foreign language; instructions for beginning and end of case; use of special verdict in burden of proof and damage instructions

Facts of the hypothetical case:

John Doe was injured when the automobile he was driving collided with one driven by Rachel Rowe. John Doe sued Rachel Rowe. Rachel Rowe pleaded comparative negligence. Questions of negligence, comparative negligence, causation, permanency of John Doe’s injuries and damages are to be submitted to the jury. Traffic Accident Reconstruction experts testified in the case. Thére is no Fabre issue. Several witnesses will testify in Spanish.

The court’s instruction:

These instructions illustrate: (1) instructions to be given at' the beginning of the case, (2) instructions to be given before final argument and the closing instructions to be given after final argument. Instruction number (2), to be given before final argument, also illustrates how the court could utilize the Special Verdict questions in the burden of proof portion of the instruction.

(1) Instruction for the beginning of the case:

[101.2] Members of the jury, do you solemnly swear or affirm that you will well and truly try this case between John Doe and Rachel Rowe, and a true verdict render according to the law and evidence?
[202.1] You have now taken an oath to serve as jurors in this trial. Before *622 we begin, I am going to tell you about the rules of law that apply to this case. It is my intention to give you [all] [most] of the rules of law but it might be that I will not know for sure all of the law that might apply in this case until all of the evidence is presented. However, I can anticipate most of the law and give it to you at the beginning of the trial so that you can better understand what to be looking for as the evidence is presented. If I later decide that different law applies to the case, I will call that to your attention. In any event, at the end of the evidence I will give you the final instructions that you must use to decide this case and it is those instructions on which you must base your verdict. At that time, you will have a complete written set of the instructions so you do not have to memorize what I am about to tell you.
[401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.
Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.
The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
[401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

If there is an issue about the applicability of a statute this instruction would be omitted at this time.

[401.9] (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.) Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
[401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
[401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
[401.18] The issues you must decide on John Doe’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.
*623 [401.21] If the greater weight of the evidence does not support John Doe’s claim, your verdict should be for Rachel Rowe.
[401.22] If, however, the greater weight of the evidence supports John Doe’s claim, then you shall consider the defense raised by Rachel Rowe.
[401.22(a) ] On that defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe.
[401.23] If the greater weight of the evidence does not support Rachel Rowe’s defense and the greater weight of the evidence supports John Doe’s claim, then your verdict should be for John Doe in the total amount of his damages.
If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form, which I will give you at the end of the case, what percentage of the total negligence of both parties to this action was caused by each of them.
[501.34] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe’s claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:
The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future.
Any earnings lost in the past, and any loss of ability to earn money in the future.
You must next decide whether John Doe’s injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.
If the greater weight of the evidence does not establish that John Doe’s injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe’s injury is permanent, you should also award damages for this additional element of damage:
Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[501.5] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. The court will enter a judgment based on your *624 verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by John Doe.
[501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. Mortality tables may be received in evidence and, if they are, you may consider them in determining how long John Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on John Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
[501.7] Any amount of damages, which you allow for future medical expenses or loss of ability to earn money in the future, should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.
[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination at the end of the case and to answer certain questions I will ask you to answer on a special form, called a special verdict. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I finally explain it to you at the end of the case.
[601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[601.2(b) ] Some of the testimony you hear may be in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given *625 by the witness for the opinion expressed, and all the other evidence in the case.
[202.23] Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.
Opening Statements: In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.
Evidentiary Phase: After the attorneys’ opening statements the plaintiff will bring his witnesses and evidence to you, followed by the defendant.
Evidence: Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.
Witnesses: A witness is a person who takes an oath to tell the truth and then answers attorneys’ questions for the jury. The answering of attorneys’ questions by witnesses is called “giving testimony.” Testimony means statements that are made when someone has sworn an oath to tell the truth.
The plaintiff’s lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiffs witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiffs lawyer gets to do cross-examination. The process is designed to be fair to both sides.
It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.
Objections: Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an “objection.” The rules for a trial can be complicated, and there are many reasons for the attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is “sustained,” that means you should disregard the question and the witness may not answer the question. If I say that the objection is “overruled,” that means the witness may answer the question.
When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.
Side Bar Conferences: Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we *626 do not have to take a break and ask you to leave the courtroom.
Recesses: Breaks in an ongoing trial are usually called “recesses.” During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.
Instructions Before Closing Arguments: After all the evidence has been presented to you, I will again instruct you on the law that you must follow. At that time you will have a written set of the instructions for your use.
Closing Arguments: The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.
Final Instructions: After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.
Deliberations: After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called “jury deliberations.” Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.
Verdict: When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.

What are the rules?

Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.
Keeping an Open Mind. You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.
Consider Only the Evidence. It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you cannot do any work or investigation of your own about the case. You cannot obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever, including the Inter *627 net, and you cannot visit places mentioned in the trial.
Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Similarly, it is important that you avoid reading any newspaper accounts or watching or listening to television or radio comments that have anything to do with this case or its subject.
No Mid-Trial Discussions. When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don’t speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.
Only the Jury Decides. Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.
[202.34] If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror’s memory of the evidence.
[202.4] During the trial, you may have a question you think should be asked of a witness. If so, there is a procedure by which you may request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. You must not show *628 your question to anyone or discuss it with anyone.
I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys’ questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.
By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.
[202.5] During the trial, some witnesses may testify in Spanish which will be interpreted in English.
The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.
If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.

The attorneys will now present their opening statements after which you will begin hearing the evidence.

(2) Instruction before final argument:

[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, however, the same as [if different explain how] what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
[401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.
Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.
The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
[401.3] “Greater weight of the evidence” means the more persuasive and *629 convincing force and effect of the entire evidence in the case.
[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
[401.9] CRead or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.) Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
[401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
[401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
[401.18] The issues you must decide on John Doe’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.

You will be given a Special Verdict to use in this case. The first question in the Special Verdict is:

1. Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?

YES NO
[401.21, 22] If the greater weight of the evidence supports John Doe’s claim, you will answer that question “YES.” If, however, your answer to question 1 is “NO,” your verdict is for the Defendant, and you should not proceed further, except to date and sign the Special Verdict and return it to the courtroom.
If you answered the first question YES, then you shall consider the defense raised by Rachel Rowe.
[401.22(a) ] On that defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe. In connection with that defense, the second question in the Special Verdict is:

2. Was there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?

YES NO
*630 [401.23] If the greater weight of the evidence supports Rachel Rowe’s defense, you will answer that question “Yes.” If, however, gour answer to that question is “NO ” and the greater weight of the evidence supports John Doe’s claim, then your verdict should be for John Doe in the total amount of his damages and gou will skip the third question in the Special Verdict and proceed directlg to the questions concerning damages.
If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them. In that connection, the third question in the Special Verdict is:

3. State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that gou charge to:

RACHEL ROWE %
JOHN DOE %
[501.34] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe’s claim and gou answered the first question “YES,” you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:
The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future:
Any earnings lost in the past, and any loss of ability to earn money in the future.

These appear as questions 4 and 5 in the Special Verdict

You must next decide whether John Doe’s injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.
If the greater weight of the evidence does not establish that John Doe’s injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe’s injury is permanent, you should also award damages for this additional element of damage:
Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.

*631
This appears as question 6 in the Special Verdict

[501.34] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by John Doe.
[501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long John Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on John Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.
[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer the questions I have asked you to answer on the special verdict. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
[601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you *632 think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
[601.3] Some witnesses testified in Spanish during this trial, which had to be interpreted into English. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.
[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

(3) Instruction following closing arguments:

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
At the conclusion of the trial, the bailiff will, collect all of your notes and immediately destroy them. No one will ever read your notes.
In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
*633 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
You may now retire to decide your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?
YES NO,
If your answer to question 1 is NO, your verdict is for the Defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Was there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?
*634 YES_ NO _
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, please skip question 3 and answer questions 4 and 5.
3. State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that you charge to:
RACHEL ROWE %
JOHN DOE %
Total must be 100%
In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, JOHN DOE. If you find Plaintiff, JOHN DOE, negligent in any degree, the court, in entering judgment, will reduce JOHN DOE’S total amount of damages (100%) by the percentage of negligence that you find was caused by JOHN DOE.
Please answer questions 4 and 5.
4. What is the total amount of JOHN DOE’S damages for medical expenses incurred in the past, and medical expenses to be incurred in the future? $
5. What is the total amount of JOHN DOE’S damages for lost earnings in the past and loss of earning capacity in the future?
If the greater weight of the evidence shows that JOHN DOE’S injuries were in whole or in part permanent within a reasonable degree of medical probability, please answer question 6:
6. What is the total amount of JOHN DOE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?
TOTAL DAMAGES OF JOHN DOE (add lines 1,2, and, if applicable, 3)
SO SAY WE ALL, _this day of . 2 FOREPERSON
*635 MODEL INSTRUCTION NO. 2
Automobile collision; driver’s comparative negligence including failure to wear seat belt; aggravation of preexisting injury; multiple events

Facts of the hypothetical case:

Jane Doe was injured when the automobile she was driving collided with one driven by Richard Rowe. Jane Doe, who is married to John Doe, sued Richard Rowe. Richard Rowe pleaded that Jane Doe was comparatively negligent because of the operation of her own vehicle and because she was not wearing a seat belt at the time of the collision. There are issues of a preexisting injury and multiple accidents. Questions of negligence, causation and damages are to be submitted to the jury.

The court’s instruction:

The committee assumes that the court will give these instructions as part of the instruction at the beginning of the case and that these instructions will be given again before Final Argument. When given at the beginning of the case, 202.1 will be used in lieu of 4.01.1 and these instructions will be followed by the applicable portions of202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.

[401.1]Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
[401.2] The claims and defenses in this case are as follows. Jane Doe claims that Richard Rowe was negligent in the operation of the vehicle he was driving which caused her harm.
Richard Rowe denies that claim and also claims that Jane Doe was herself negligent in the operation of her vehicle and in her failure to use her seat belt, both of which caused her harm.
The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
[401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
[401.9] F.S. 316,614, provides that “[i]t is unlawful for any person ... [t]o operate a motor vehicle in this state unless the person is restrained by a safety belt.” Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Jane Doe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
*636 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
[401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
[401.12(c) ] Negligence may also be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury, or damage.
[401.18] The issues you must decide on Jane Doe’s claim against Richard Rowe are whether Richard Rowe was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Jane Doe.
[401.21] If the greater weight of the evidence does not support Jane Doe’s claim, your verdict should be for Richard Rowe.
[401.22] If, however, the greater weight of the evidence supports Jane Doe’s claim, then you shall consider the defense raised by Richard Rowe.
[401.22(a) ] On that defense, the issue for you to decide is whether Jane Doe was herself negligent in the operation of her vehicle and/or in failing to wear her seat belt, if so, whether that negligence was a contributing legal cause of injury or damage to Jane Doe.
[401.23]If the greater weight of the evidence does not support Richard Rowe’s defense and the greater weight of the evidence supports Jane Doe’s claim, then your verdict should be for Jane Doe in the total amount of her damages.
If, however, the greater weight of the evidence shows that both Richard Rowe and Jane Doe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Jane Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them.
[501.1(b) ] If your verdict is find for Richard Rowe you will not consider the matter of damages. But if the greater weight of the evidence supports Jane Doe’s claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which award Jane Doe an- amount -of money — that the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury, or damage, including any damages Jane Doe is reasonably certain to incur or experience in the future. You shall consider the following elements:
[501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of *637 life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
[501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
[501.2(d) ] On the claim brought by John Doe, you should award his wife an amount of money which the greater weight of the evidence shows will fairly and adequately compensate John Doe for any loss by reason of his wife’s injury, of her services, comfort, society, and attentions in the past and in the future caused by the incident in question.
[501.2(h) ] Any damage to Jane Doe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Jane Doe sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
[501. 34] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Jane Doe. The court will enter a judgment based on your verdict and, if you find that Jane Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by Jane Doe.
[501.5(a) ] If you find that the Richard Rowe caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect, you should attempt to determine what portion of Jane Doe’s condition resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Jane Doe.
[501.5(b) ] You have also heard that Jane Doe may have been injured in two events. If you decide that Jane Doe was injured by Richard Rowe and was later injured by another event, then you should try to separate the damages caused by the two events and award Jane Doe money only for those damages caused by Richard Rowe. However, if you decide that you cannot separate some or all of the damages, you must award Jane Doe any damages that you cannot separate, as if they were all caused by Richard Rowe.
[501.6] If the greater weight of the evidence shows that Jane Doe has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Jane Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Jane Doe’s health, age, and physical condition, be *638 fore and after the injury, in determining the probable length of her life.
[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Jane Doe for these losses as they are actually experienced in future years.
[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
[601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

Following closing arguments, the final instructions are given:

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
You will have in the jury room all of the evidence that was received during *639 the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider *640 each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: {read, form of verdict)
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
You may now retire to decide your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1.Was there negligence on the part of Defendant, RICHARD ROWE, which was a legal cause of damage to Plaintiff, JANE DOE?
YES NO
If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2.Was there negligence on the part of Plaintiff, JANE DOE, which was a legal cause of her damage?
YES NO
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer questions 4, 5, and 6.
3.State the percentage of any negligence which was a legal cause of damage to Plaintiff, JANE DOE, that you charge to:
Defendant, RACHEL ROWE %
Plaintiff, JOHN DOE %
Total must be 1009;
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, JANE DOE. If you find Plaintiff, JANE DOE, *641 was negligent in any degree, the court, in entering judgment, will reduce JANE DOE’S total amount of damages (100%) by the percentage of negligence which you find was caused by JANE DOE.
Please answer questions 4, 5, and 6.
4. What is the total amount of JANE DOE’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, and medical expenses to be. incurred in the future?
5. What is the total amount of JANE DOE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?
TOTAL DAMAGES OF JANE DOE (add lines 1 and 2)
6. What is the total amount of JOHN DOE’S damage caused by the loss of his wife’s:
[a.] comfort, society, and attention?
[b.] services
TOTAL DAMAGES OF JOHN DOE (add lines 3a and 3b)
SO SAY WE ALL, this day_of 2 FOREPERSON
NOTE ON USE
This model instruction illustrates the instruction to be given when it is alleged that a driver was comparatively negligent for not wearing a seat belt. Different factual situations may require that different portions of F.S. 316.614, be read or paraphrased. See Ridley v. Safety Kleen Corp., 698 So.2d 934 (Fla.1996).
MODEL INSTRUCTION NO. 3
Automobile collision; comparative negligence; wrongful death damages; Fabre issue

Facts of the hypothetical case:

Mary Smith, as personal representative of the estate of John Smith, deceased, has brought an action against Fast Transport Company for damages resulting from the instantaneous death of John Smith in a collision between his car and a tractor trailer owned by Fast Transport Company and driven by Joe Johnson, Fast Transport’s employee. There is no issue as to Fast Transport’s responsibility for any negligence of its driver, Johnson. Questions of negligence, comparative negli *642 gence, causation and damages for the estate and for the benefit of the widow and a daughter, Nancy, who is 15 years old are to be submitted to the jury. Additionally, Joe Johnson claims that his actions were due to the negligence of another driver, Bill Jones.

The court’s instruction:

The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 4.01.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No, 1 for a full illustration of an instruction at the beginning of the case.

[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
[401.2] The claims and defenses in this case are as follows. Mary Smith, as personal representative of the estate of John Smith, claims that Fast Transport’s driver, Joe Johnson, was negligent in the operation of the vehicle he was driving which caused the death of John Smith.
Fast Transport denies that claim and also claims that John Smith was himself negligent in the operation of his vehicle, which caused his death. Additionally, Fast Transport claims that John Smith’s death was due to negligence of Bill Jones, who is not a party to this case.
The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
[401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
[401.12(a) ] Negligence is a legal cause of a death if it directly and in natural and continuous sequence produces or contributes substantially to producing such death, so that it can reasonably be said that, but for the negligence, the death would not have occurred.
[401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of death even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such death.
[401.13(b) ] The court has determined and now instructs you that Fast *643 Transport is responsible for any negligence of its employee, Joe Johnson.
[401.18] The issues you must decide on Mary Smith’s claim against Fast Transport are whether Fast Transport’s employee, Joe Johnson, was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of John Smith’s death.
[401.21] If the greater weight of the evidence does not support Mary Smith’s claim, your verdict should be for Fast Transport.
[401.22] If, however, the greater weight of the evidence supports Mary Smith’s claim, then you shall consider the defenses raised by Fast Transport.
[401.22(a) ] On Fast Transport’s first defense, the issues for you to decide are whether John Smith was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of his death.
[401.22(f) ] On Fast Transport’s second defense, the issues for you to decide are whether Bill Jones was also negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of John Smith’s death.
[401.23] If the greater weight of the evidence does not support Fast Transport’s defenses and the greater weight of the evidence supports Mary Smith’s claim, then your verdict should be for Mary Smith as personal representative of the estate of John Smith, in the total amount of the damages sustained by those for whom this action is brought.
If, however, the greater weight of the evidence shows that either John Smith and/or Bill Jones were negligent and that the negligence of one or each contributed as a legal cause to the death of John Smith, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.
[502.1(b) ] If your verdict is for Fast Transport, you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith’s claim, as personal representative of the estate of John Smith, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the greater weight of the evidence shows the estate of John Smith and Mary Smith and Nancy Smith sustained as a result of John Smith’s death, including any damages that Mary Smith and Nancy Smith are reasonably certain to experience in the future.
[502.2] In determining any damages sustained by John Smith’s estate, you shall consider the following elements:
[502.2(b) ] The estate’s loss of net accumulations: “Net accumulations” is the part of the decedent’s net income from salary or business after taxes, including pension benefits, which the decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.
[502.2(c) ] Medical and funeral expenses due to the decedent’s death which have become a charge against the decedent’s estate.
In determining any damages to be awarded for the benefit of Mary Smith and Nancy Smith, you shall consider certain additional elements of damage. There is no exact standard for fixing the *644 compensation to be awarded for these elements. Any such award should be fair and just in the light of the evidence regarding the following elements.
[502.2(d) ] Mary Smith’s loss of John Smith’s companionship and protection, and her mental pain and suffering as a result of John Smith’s death. In determining the duration of the losses, you may consider the life expectancy of the surviving spouse, Mary Smith, together with the other evidence in the case.
[502.2(e) ] The loss by Nancy Smith of parental companionship, instruction and guidance, and her mental pain and suffering as a result of John Smith’s death. In determining the duration of those losses, you may consider the life expectancy of the surviving child, Nancy Smith, together with the other evidence in the case.
In determining any damages to be awarded for the benefit of Mary Smith and Nancy Smith, you shall also consider these additional elements of damage.
[502.2(g) ] The loss of support and services sustained by Mary Smith and Nancy Smith, by reason of John Smith’s injury and death. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor and the decedent, and the period of minority, ending at age 25, of a healthy minor child.
In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to John Smith, the amount of John Smith’s probable net income available for distribution to Mary Smith and Nancy Smith and the replacement value of John Smith’s services to the survivor. “Support” includes contributions in kind, as well as sums of money. “Services” means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent’s death.
[5012.3] Any damages that you find were sustained by the decedent’s estate and by each survivor shall be separately stated in your verdict.
[502.5] In determining the total amount of any damages sustained by the John Smith estate and Mary Smith and Nancy Smith as a result of his death, you should not make any reduction because of the negligence, if any, of John Smith or Bill Jones. The court will enter a judgment based on your verdict and, if you find that John Smith or Bill Jones were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by John Smith and/or Bill Jones.
[502.6(a) ] In determining how long John Smith would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.
[502.6(b) ] In determining the duration of any future loss sustained by Mary Smith and Nancy Smith by reason of the death of John Smith, you may consider the life expectancy of each. The mortality tables received in evidence may be considered, together with *645 other evidence in the case bearing on the health, age, and physical condition of each, in determining how long each may be expected to live.
[502.7] Any amount of damages which you allow for lost net accumulations or for loss of the decedent’s support and services in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith and Nancy Smith for these losses as they are actually experienced in future years.
[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
[601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

Following closing arguments, the final instructions are given:

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide *646 this case. Before you do so, I have a few last instructions for you.
You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
*647 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
You may now retire to decide your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1.Was there negligence on the part of Joe Johnson, FAST TRANSPORT COMPANY’S driver, which was a legal cause of the death of John Smith?
YES NO
If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2.Was there negligence on the part of the decedent, John Smith, which was a legal cause of his death?
YES NO
3.Was there negligence on the part of Bill Jones, which was a legal cause of John Smith’s death?
YES NO
If your answer to either question 2 or 3 is YES, please answer question 4. If your answer to questions 2 and 3 is NO, skip question 4 and answer questions 5, 6, and 7.
4.State the percentage of any negligence, which was a legal cause of John Smith’s death, that you charge to:
*648 Joe Johnson (Fast Transit Company’s driver)
John Smith (decedent)
Bill Jones (other driver)
Total must be 100%
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of the decedent, John Smith or of Bill Jones. If you find that either John Smith or Bill Jones were to any extent negligent, the court, in entering judgment, will make an appropriate reduction in the damages awarded.
Please answer questions 5, 6, and 7.
DAMAGES OF THE ESTATE
5. What is the total amount of any damages lost by the estate for the amount of any medical or funeral expenses resulting from John Smith’s injury and death?
DAMAGES OF MARY SMITH
6a. What is the total amount of damages sustained by MARY SMITH for the loss of John Smith’s support and services?
6b. What is the total amount of damages sustained by MARY SMITH for the loss of her husband’s companionship and protection and from her pain and suffering as a result of John Smith’s injury and death?
TOTAL DAMAGES OF MARY SMITH (add lines 6a and 6b)
DAMAGES OF NANCY SMITH
7a. What is the total amount of any damages sustained by NANCY SMITH for her loss of John Smith’s support and services?
7b. What is the amount of damages sustained by NANCY SMITH for the loss of parental companionship, instruction and guidance and NANCY SMITH’S pain and suffering as a result of John Smith’s injury and death?
TOTAL DAMAGES OF NANCY SMITH (add lines 7a and 7b)
SO SAY WE ALL, this _ day of .,2. FOREPERSON
*649 MODEL INSTRUCTION NO. 4
Automobile collision; comparative negligence; claim and counterclaim

Facts of the hypothetical case:

Betty Jones and Rachel Rowe were both injured when their automobiles collided at an intersection. Betty Jones sued Rachel Rowe, who denied the allegations of negligence, pleaded in defense that Betty Jones was negligent and counterclaimed for her own damages. On the counterclaim, Betty Jones denied that she was negligent and pleaded in defense that Rachel Rowe was negligent.

The court’s instruction:

The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu ofU01.1 and these instructions will be followed, by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.

[401.1]Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
[401.2] The claims and defenses in this case are as follows. Betty Jones claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused her harm.
Rachel Rowe denies that claim and claims instead that it was Betty Jones who was negligent in the operation of her vehicle, which caused harm to Rachel Rowe.
The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
[401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
[401.9] (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.) Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that either Rachel Rowe or Betty Jones violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
[401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, *650 or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
[401.12(b) ] Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
[401.18] The issues you must decide on Betty Jones’ claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Betty Jones.
[401.21] If the greater weight of the evidence does not support Betty Jones’ claim, your verdict on that claim should be for Rachel Rowe.

Similarly, the issues for your determination on the claim of Rachel Rowe ayainst Betty Jones are whether Betty Jones was neyligent in the operation her vehicle, and, if so, whether such negligence was a legal cause of loss, injury, or damage to Rachel Rowe.

If the greater weight of the evidence does not support Rachel Rowe’s claim, then your verdict on that claim should be for Betty Jones.

If the greater weight of the evidence supports the claim of Betty Jones, and shows that the negligence of Rachel Rowe was a legal cause of loss, injury, or damage to Betty Jones, but does not support the claim of Rachel Rowe, your verdict should be for Betty Jones in the total amount of her damages.

Similarly, if the greater weight of the evidence supports the claim of Rachel Rowe and shows that the negligence of Betty Jones was a legal cause of loss, injury, or damage to Rachel Rowe, but does not support the claim of Betty Jones, your verdict should be for Rachel Rowe in the total amount of her damages.

If, however, the greater weight of the evidence shows that both Betty Jones and Rachel Rowe were negligent, and that the negligence of each contributed as a legal cause of loss, injury, or damage to each, you should determine what percentage of the total negligence of both parties to this action was caused by each of them.

[501.1(b) ] If your verdict is find for Rachel Rowe on the claim of Betty Jones you will not consider the matter of Betty Jones’ damages. Similarly, if your verdict is for Betty Jones on the claim of Rachel Rowe, you will not consider the matter of Rachel Rowe’s damages. But if the greater weight of the evidence supports the claim of either Betty Jones or Rachel Rowe, or both of their claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damages which the greater weight of the evidence shows will fairly and adequately compensate the claimant for such loss, injury, or damage, including any damages the claimant is reasonably certain to incur or experience in the future. You shall consider the following elements:
[501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such dam *651 age. The amount should be fair and just, in the light of the evidence.
[501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
[501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
[501.2(h) ] Any damage to Betty Jones’ or Rachel Rowe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
[501.34] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Betty Jones and/or Rachel Rowe. The court will enter a judgment based on your verdict and, if you find that either Betty Jones and/or Rachel Rowe were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by Betty Jones and/or Rachel Rowe.
[501.6] If the greater weight of the evidence shows that either Betty Jones and/or Rachel Rowe have been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Betty Jones and/or Rachel Rowe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Betty Jones’ and/or Rachel Rowe’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future.economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Betty Jones and/or Rachel Rowe for these losses as they are actually experienced in future years.
[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not cov *652 ered here. And, you must always apply the law as I have explained it to you.
[601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

Following dosing arguments, the final instructions are given:

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the *653 evidence that has been received and the law on which I have instructed you.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
You may now retire to decide your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of RACHEL ROWE which was a legal cause of damage to BETTY JONES?
YES NO
*654 2. Was there negligence on the part of BETTY JONES which was a legal cause of damage to RACHEL ROWE?
YES NO
If your answers to questions 1 and 2 are both NO, your verdict on each claim is for the defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or 2 is YES, please answer question 3.
3. State the percentage of any negligence that you charge to:

Rachel Rowe

Betty Jones

Total must be 100%
Your answers to question 3 must total 100%, and should include a zero for any party you found not negligent in answer to questions 1 and 2. Please answer question 4 only if your answer to question 1 is YES. Answer question 5 only if your answer to question 2 is YES.
In determining the amount of damages, do not make any reduction because of the negligence, if any, of BETTY JONES and/or RACHEL ROWE. If you find that BETTY JONES and/or RACHEL ROWE were to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.
Please answer questions 4, 5, 6 and 7.
DAMAGES OF BETTY JONES
4. What is the total amount of BETTY JONES’ damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future?
5. What is the total amount of BETTY JONES’ damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?
TOTAL DAMAGES OF BETTY JONES (add lines 4 and 5)

DAMAGES OF RACHEL ROWE

*655 6. What is the total amount of RACHEL ROWE’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future?
7. What is the total amount of RACHEL ROWE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?
TOTAL DAMAGES OF RACHEL ROWE (add lines 6 and 7)
SO SAY WE ALL, this_day 2
FOREPERSON
MODEL INSTRUCTION NO. 6
Claimant suing three alleged joint tort-feasors; comparative negligence in issue; contribution shares to be determined in action

Facts of the hypothetical case:

Mary Smith was injured while driving her car, which was involved in a four-car pile-up. She filed suit against the drivers of the other vehicles — Ron Rowe, Sally Jones and Tom Torpor — alleging that their combined negligence caused the pile-up and her injuries. All defendants have asserted that the negligence of Smith contributed to her injuries. The defendants filed cross-claims raising the issue of contribution. The court has determined that a single verdict can conveniently determine the contribution shares of the defendants found to be liable to Smith.

The court’s instruction:

The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument When given at the beginning of the case, 202.1 will be used in lieu of 101.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.

[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
[401.2] The claims and defenses in this case are as follows. Mary Smith claims that Ron Rowe and/or Sally Jones and/or Tom Torpor were negligent in the operation of their vehicles, which caused her harm.
Ron Rowe, Sally Jones and Tom Torpor each deny that claim and they each also claim that Mary Smith was herself negligent in the operation of her vehicle, which caused her harm.
*656 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
[401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
[401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
[401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
[401.18(b) ] The issues you must decide on Mary Smith’s claim against Ron Rowe and!or Sally Jones and/or Tom Torpor are whether any one or more of those defendants were negligent in the operation of the vehicles they were driving; and, if so, whether such negligence was a legal cause of loss, injury, or damage to Mary Smith.
[401.21] If the greater weight of the evidence does not support the claim of Mary Smith against a particular defendant, then your verdict should be for that defendant.
[401.22] If, however, the greater weight of the evidence supports Mary Smith’s claim against one or more of the defendants, then you shall consider the defense raised by the defendants.
[401.22(a) ] On that defense, the issue for you to decide is whether Mary Smith was herself negligent in the operation of her vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to Mary Smith.
[401.23] If the greater weight of the evidence does not support the defense of the defendants and the greater weight of the evidence supports Mary Smith’s claim against one or more of the defendants, then your verdict should be for Mary Smith against those particular defendants and you should then decide and write on the verdict form what percentage of the total negligence of those defendants was caused by each defendant.
If, however, the greater weight of the evidence shows that both Mary Smith and one or more of the defendants were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Mary Smith, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.
[501.1(b) ] If your verdict is fin4 for the defendants you will not consider the matter of damages. But if the greater *657 weight of the evidence supports Mary Smith’s claim against one or more of the defendants, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage, which the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage, she sustained as a result -of- the incident complained of, including any such damages that as Mary Smith is reasonably certain to incur or experience in the future. You shall consider the following elements:
[501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
[501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
[501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
[501.2(h) ] Any damage to Mary Smith’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Mary Smith sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
[501.43] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Mary Smith. The court will enter a judgment based on your verdict and, if you find that Mary Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by Mary Smith.
[501.6] If the greater weight of the evidence shows that Mary Smith has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Mary Smith may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Mary Smith’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith for these losses as they are actually experienced in future years.
[501.9] Even if you determine that more than one of the defendants were negligent, you should determine Mary *658 Smith’s damages in a single total amount, and write that amount, in dollars, on the verdict form.
[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
[601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
[601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

Following dosing arguments, the final instructions are given:

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. AH jurors must see or hear the same evidence at the same time. Do not read, *659 listen to, or watch any news accounts of this trial.
Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at *660 the bottom. Return the form to the bailiff.
If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
You may now retire to decide your verdict.

Special Verdict Form

VERDICT
We, the jury, return the following verdict:
1.Was there negligence on the part of any of the defendants, which was a legal cause of damage to Plaintiff, Mary Smith?
RON ROWE YES NO
SALLY JONES YES NO
TOM TORPOR YES NO
If your answer to question 1 is NO as to all defendants, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES as to any of the defendants, please answer question 2.
2.Was there negligence on the part of Plaintiff, MARY SMITH, which was a legal cause of her damage?
YES NO
Please answer question 3.
3.State the percentage of any negligence, which was a legal cause of damage to Plaintiff, Mary Smith, that you charge to:
Ron Rowe
Sally Jones
Tom Torpor
Mary Smith
Total must be 100%
*661 Your answers to question 3 must total 100%, and should include a zero for any person you found not negligent in answer to questions 1 and 2.
In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, MARY SMITH. If you find Plaintiff, MARY SMITH, was negligent in any degree, the court, in entering judgment, will reduce MARY SMITH’S total amount of damages (100%) by the percentage of negligence that you find was caused by MARY SMITH.
Please answer questions 4 and 5.
4. What is the total amount of MARY SMITH’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future?
5. What is the total amount of MARY SMITH’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?
TOTAL DAMAGES OF MARY SMITH (add lines 4 and 5)
SO SAY WE ALL, this 2 day of FOREPERSON

. Jury instructions 501.3 and 501.4 have been renumbered and renamed, and internal revisions have been made to the corresponding notes on use. In addition, the model jury instructions have been revised where necessary to reflect reference to the correct numbered instruction.

. See Fabre v. Marin, 623 So.2d 1182, 1185 (Fla.1993) (stating that "the only means of determining a party’s percentage of fault is to compare that party’s percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants.”), receded from on other grounds by Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995).

 The phrase within brackets should be used only if there is an issue as to the owner's knowledge and consent.

 The word "intentionally” should he used for clarity when there is also a claim for negligent misrepresentation.

 The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.

 The bracketed language should be used for clarity when there are also claims for fraudulent misrepresentations and/or negligently supplying false information for the guidance of others.

 The bracketed language should be used for clarity when there are also claims for fraudulent misrepresentations and/or negligently supplying false information for the guidance of others.

 Use the bracketed paragraph above only when there is more than one defendant; the reference to "responsibility" in this additional instmction is designed for use in strict liability cases.

 Further instructions may be required if there is a factual question of whether a person is a “survivor'' within the meaning of F.S. 768.18(1).

 The bracketed material should be given only when warranted by the evidence and requested by a party.

 Use the bracketed paragraph above only when there is more than one defendant; the reference to "responsibility" in this additional instruction is designed for use in strict liability cases.